# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| DANIEL PAUL DYER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    CASE NO. 3:18-CV-102-MSH |
| | :    Social Security Appeal |
| COMMISSIONER OF | : |
| SOCIAL SECURITY, | : |
| | : |
| Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's application for disability insurance benefits, finding that he is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the plaintiff is working. *Id.* If not, the Commissioner determines whether the plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth, and finally, the Commissioner determines whether the plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Daniel Paul Dyer applied for disability insurance benefits on November 20, 2014, alleging disability to work since July 21, 2012. His claim was denied initially on May 11, 2015, and on reconsideration on August 13, 2015. He made a timely written request for an evidentiary hearing before an ALJ on September 3, 2015, and the hearing was held on June 29, 2017. Plaintiff appeared with his attorney at the hearing and gave testimony, as did his wife and an impartial vocational expert ("VE"). Tr. 10. At the hearing, Plaintiff amended his alleged onset date to November 20, 2014, because he had worked at levels reaching substantial gainful activity in both 2013 and 2014, although he had a previous application for benefits pending at the time. Tr. 39-40. On September 18, 2017, the ALJ issued an unfavorable decision denying Plaintiff's claim. Tr. 7-25. He sought review by the Appeals Council, but was denied on June 13, 2018. Tr. 1-6. Having exhausted the administrative remedies available to him under the Social Security Act, Plaintiff now seeks judicial review of the Commissioner's final decision denying his application for benefits.

## STATEMENT OF FACTS AND EVIDENCE

Plaintiff was thirty-nine years old on his alleged onset date and classified as a "younger individual" under the Commissioner's regulations, and has a high school education. 20 C.F.R. § 404.1563; Findings 7, 8, Tr. 19. He has past relevant work as a machinist, quality control inspector, small products assembler, and greens keeper. Finding 6, Tr. 18. He had substantial earnings in both 2013 and 2014, but because, at the hearing, he amended his alleged onset date to a date after which his earnings are less than the amount

4

required to constitute substantial gainful activity, the ALJ found them to be "inconsequential to the determination of disability." Finding 2, Tr. 12.

In proceeding through the five-step sequential analysis established by the Commissioner for the evaluation of disability claims, the ALJ found, at step two, that Plaintiff has severe impairments of obesity, bipolar disorder, major depressive disorder, generalized anxiety, and pituitary disease. Finding 3, Tr. 12-13. She next found, at step three, that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 13. Between steps three and four, the ALJ formulated a residual functional capacity assessment ("RFC") which permits Plaintiff to perform medium work with added non-exertional limitations, including simple tasks with simple instructions and work-related decisions and only gradual infrequent changes in the work environment. Finding 5, Tr. 14-18. After determining, at step four, that this restricted RFC prevents Plaintiff from resuming any of his past relevant work, the ALJ elicited testimony from the VE that Plaintiff's RFC will permit him to work as a linen room attendant, coffee maker, or rug cleaner helper and that these jobs are available to him in the national economy. She therefore found Plaintiff to be not disabled to work. Findings 10 and 11, Tr. 19-20.

## DISCUSSION

### I. Plaintiff's Testimony

Plaintiff first contends that the ALJ discounted his subjective complaints about his impairments without adequate reasons for doing so. Pl.'s Br. 1, 9-15, ECF No. 11. The

ALJ noted that, despite Plaintiff's claim of long-standing mental illness, he has had only one period of hospitalization which lasted only three days. At the time of discharge, clinical notes describe Plaintiff as having appropriate affect and with a "fine" mood. Tr. 15. The ALJ further found that his medication was sufficiently beneficial for him to resume substantial gainful activity. Tr. 15-16. Mental status examinations subsequently indicate that Plaintiff had a "good" mood, unimpaired judgment and linear thought processes and no evidence of psychosis. Tr. 16. The ALJ also considered Plaintiff's self-reported daily activities of caring for his children—aged twelve and five—while his wife worked, and found that to be inconsistent with his assertion of disabling mental illness. *Id*. Plaintiff's treatment history consistently indicates stable symptoms with normal speech and behavior, a cooperative attitude, and full orientation with normal thought content. Most of his clinical visits have been for medication monitoring. This coupled with his daily activities of caring for his children unassisted, and other normal and ordinary activities such as driving, shopping, and meal preparation, provides substantial evidence to support the ALJ's decision to find his complaints less than fully credible. *Lara v. Comm'r of Soc. Sec.*, 705 F. App'x 804 (11th Cir. 2017). Plaintiff's first assertion of error lacks merit.

**II. Treating Physician's Opinion**

Plaintiff next argues that the ALJ erred in giving less than controlling weight to the opinions of a treating physician. Pl.'s Br. 1, 15-18. Stephen Brogdon, M.D. has been Plaintiff's treating psychiatrist since at least 2014. Tr. 15. Dr. Brogdon endorsed symptoms associated with Plaintiff's mental impairments that would be disabling, but at the same time made objective findings of linear thought content, lack of delusions,

6

obsessions or compulsions, and found Plaintiff to have fair insight and unimpaired judgment. Tr. 729-31. These essentially benign objective findings have been consistent over a long period of care. Tr. 734-38, 739-43, 744-47. During this time, Plaintiff turned down offers of employment. Tr. 744. He accepted one job offer but it lasted only three days because, according to Plaintiff, he "couldn't get out of bed" and "just felt like not doing well," but there was no corresponding change in Dr. Brogdon's clinical findings, his daily activities, or medication regimen as a result. Tr. 749-52. While Dr. Brogdon accepted Plaintiff's complaints of the disabling effects of his mental disorders, the ALJ gave the doctor's conclusions only "little weight" because his clinical notes indicated otherwise. Tr. 18. The ALJ is not required to accept a doctor's opinion that his patient "can't work" or is "unable to work" when his own records show consistently stable and unremarkable mental status examinations. Tr. 18. *Lowery v. Comm'r of Soc. Sec.,* 729 F. App'x 801 (11th Cir. 2018). Plaintiff's second claim of error has no merit.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 12th day of March, 2019.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE